UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/12/2025

-------------------------------------------------------------------- X

                                                                      :
                                                                      :
KATHERINE KHOO-LIANG,                                                 :
                                                                      :                    1:25-cv-6841-GHW
                                                                      :
                                                  Plaintiff,          :                    ORDER
                                                                      :
                -against-                                             :
                                                                      :
                                                                      :
                                                                      :
SCOTT BENSEN, *NYS Tax Department Official,*                          :
*Auditor, NYS Dept. of Tax & Finance, et al.*,                        :
                                                                      :
                                                                      :
                                                  Defendants.  :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action *pro se* on August 19, 2025.  Dkt. No. 1 (the "Complaint").

Plaintiff asserts claims under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of the Due

Process Clause of the Fourteenth Amendment, the Takings Clause, and for "civil rights violations"

arising from an "improper audit, unlawful lien placement, harassment, obstruction of business

operations, and threats of forced relocation" related to her window business.  *Id.* at ECF pages 2, 8–

9.  Plaintiff sues three "New York State Tax Department Officials:"  (1) Scott Bensen, Auditor, New

York State Department of Tax & Finance; (2) Wei-Hsin Wu, Tax Conference Conciliator; and (3)

Aliza J. Chase, Senior Attorney of New York State Tax & Finance (collectively, "Defendants").

Under a section titled "Jurisdiction and Venue," the Complaint alleges in conclusory fashion

that "venue is proper in the Southern District of New York . . . because a substantial part of the

events giving rise to the claim occurred in New York County."  *Id.* at ECF page 8.  However,

Plaintiff's claims arise from an allegedly unlawful audit of Plaintiff's business, a lien against her

property, and harassment of Plaintiff at her house in New Hyde Park, Nassau County.  *Id.* at ECF

pages 5-6, 8–9.  The Complaint alleges, for example, that "the New York State Department of Tax

and Finance . . . caused a collector agent to come to plaintiff's home," *id.* at ECF page 5, and that "[c]ollection agents visited Plaintiff's home, harassing her and her family," *id.* at ECF page 9. Nassau County, where Plaintiff resides, is in the Eastern District of New York. *See* 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . ."). Moreover, each of the Defendants are allegedly located in Albany, New York, *id.* at ECF page 4, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a) ("The Northern District comprises the counties of Albany . . . ."). In any case, there are no allegations in the Complaint describing the occurrence of events or the residence of any defendant in the Southern District of New York. *See* 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester . . . .").

Accordingly, on August 26, 2025, the Court issued an order to show cause as to why this case should not be transferred to the Eastern District of New York, where Plaintiff resides and where the Complaint alleges that events giving rise to the Complaint occurred, pursuant to 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Dkt. No. 4. The order gave Plaintiff until no later than September 8, 2025 to show cause as to why the case should not be transferred to the Eastern District of New York (or to consent to transfer).

Plaintiff has not responded to the order to show cause. Because no facts show that venue is appropriate here and because venue appears to be appropriate in the location where plaintiff resides and where the audit allegedly occurred, this case is hereby transferred under 28 U.S.C. § 1406(a) to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to the Eastern District of New York without delay.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:  September 12, 2025
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

3